IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR413-203
)
DURRELL SHAWNTA JONES, )
)
Defendant. )
)

O R D E R

Before the Court is Defendant Durrell Shawnta Jones' Motion for New Trial. (Doc. 206.) In the motion, Defendant argues he is entitled to a new trial because "the verdicts were against the weight of the evidence." (Id. ¶ 1.) The Government has responded in opposition, contending that "[a] quick review of the evidence shows that the guilty verdicts were amply supported by the evidence." (Doc. 207 at 1.)

Should a defendant move the Court for a new trial, Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When assessing a motion seeking a new trial based on the weight of the evidence presented at trial, the Court is not required to view that evidence in the light most favorable to the verdict. United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985). Rather, the Court may conduct its own

analysis of both the credibility of the witnesses and the weight of the evidence. Id. However, the Court is not empowered to reweigh the evidence and set aside the verdict simply because it feels that a contrary result would be more reasonable. Id. It is for this reason that motions of this type are disfavored and only granted in the rare event that the evidence presented at trial "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id.

In this case, the Court has reviewed the evidence presented at trial and concludes that Defendant is not entitled to a new trial. Quite simply, the Government presented at trial a bounty of evidence establishing Defendant's guilt with respect to each of the three counts on which he was convicted. In the Court's opinion, the evidence presented at trial roundly supports the jury's verdict in this case such that permitting the verdict to stand in no way amounts to a miscarriage of justice. Accordingly, Defendant's Motion for New Trial (Doc. 206) is **DENIED**.

SO ORDERED this 29th day of May 2015.

                                              WILLIAM T. MOORE, JR.
                                              UNITED STATES DISTRICT COURT
                                              SOUTHERN DISTRICT OF GEORGIA